JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant Timothy Brooks appeals his conviction for escape arising out of his failure to report to his parole officer. He assigns the following errors for our review:
 {¶ 2} "I. The evidence is insufficient, as a matter of law, to sustain a conviction for escape, R.C. 2921.34."
 {¶ 3} "II. The trial court committed plain error when it failed to properly instruct the jury on the essential elements of escape."
 {¶ 4} Having reviewed the record and pertinent law, we affirm Brooks' conviction. The apposite facts follow.
 {¶ 5} Brooks was indicted by the grand jury for one count of escape, in violation of R.C. 2921.34(A)(1). Brooks entered a plea of not guilty and the matter proceeded to a jury trial.
 {¶ 6} Brooks' parole officer, Ben Lang, testified Brooks was released from prison on December 30, 1999. Lang was not appointed to be Brooks' parole officer until September 10, 2001. Prior to that time, Brooks was supervised by the Toledo Adult Parole Authority, but during the spring of 2000, he absconded from their supervision. Once he was located in 2001, Brooks was punished as a parole violator. However, he was not returned to prison because he did not commit any crimes during his absence. Instead, his parole was extended and his parole supervision was switched from Toledo to Cleveland.
 {¶ 7} Lang testified after Brooks was transferred to his supervision, he went over with Brooks his conditions for parole. One of the conditions was Brooks would keep Lang informed of his residence and place of employment and would obtain permission prior to changing his residence or employment. Brooks signed a document indicating the conditions were explained to him. Brooks was to report every month to Lang.
 {¶ 8} According to Lang, Brooks was initially living at a residential treatment center, but was discharged for testing positive for cocaine. Lang assisted Brooks in finding new housing in January 2002. Lang testified Brooks decided not to stay at the place he found for him and instead chose to live at the City Mission homeless shelter.
 {¶ 9} Lang stated that Brooks failed to appear for his monthly parole appointment on March 15, 2002. Lang contacted Brooks' listed employer, Mr. Magic Car Wash, and was informed Lang no longer worked there and had left a Daytona, Florida address as the location to send his last paycheck. Lang, in early May, notified Florida authorities that Brooks was a parole violator and gave them the address he had left with the car wash. The next day, Brooks was arrested by Florida authorities.
 {¶ 10} After the trial court overruled Brooks' motion for acquittal, he testified in his own defense. Brooks stated that although his parole was continued in Ohio after his violation of parole in 1999, because he could not find stable housing, he again left the state to go to Florida to live.
 {¶ 11} Brooks believed if he stayed in Ohio he would have either frozen to death or been killed by drug addicts. He admitted he did not tell his parole officer about his change of residence. He did not feel his parole officer would be helpful because he had been unable in the past to find Brooks a place to stay.
 {¶ 12} Based on the above evidence, the jury found Brooks guilty as charged. The trial court sentenced Brooks to one year in prison.
 {¶ 13} In his first assigned error, Brooks argues his conviction for escape was not supported by sufficient evidence because the state failed to prove he did not return after a "temporary leave of absence" or was absent "at a time required when serving a sentence in intermittent confinement."
 {¶ 14} A challenge to the sufficiency of evidence supporting a conviction requires the appellate court to determine whether the state met its burden of production at trial.[1] On review for legal sufficiency, the appellate court's function is to examine evidence admitted at trial and determine whether such evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt.[2] In making its determination, an appellate court must view the evidence in a light most favorable to the prosecution.[3]
 {¶ 15} We note although Brooks moved for acquittal after the state closed, he failed to renew his motion for acquittal at the conclusion of trial. "A defendant who is tried before a jury and brings a Crim.R. 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence."[4]
Brooks, therefore, waived any challenge to the sufficiency of the evidence presented.
 {¶ 16} Nonetheless, we believe that in the case sub judice the state presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that Brooks committed escape. R.C. 2921.34(A)(1) sets forth the offense of escape. The statute provides as follows:
 {¶ 17} "(A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
 {¶ 18} R.C. 2921.01(E) includes within the definition of detention, "supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution."
 {¶ 19} Ben Lang testified at trial that Brooks was under the supervision of the Adult Parole Authority obligating him to report to Lang once a month when he absconded from Ohio without permission. This testimony alone was sufficient to find Brooks guilty of escape under the above provision because while under "intermittent confinement" he failed to report to his parole officer, thereby purposely failing to return to detention.
 {¶ 20} Brooks' first assigned error is overruled.
 {¶ 21} In his second assigned error, Brooks argues the trial court erred in instructing the jury on the elements of escape by joining two disjunctive concepts together.
 {¶ 22} The record indicates Brooks failed to object to the jury instruction. His "failure to object to [the] jury instruction constitutes a waiver of any claim of error relative thereto, unless, but for the error, the outcome of the trial clearly would have been otherwise."[5]
We find the trial court's instruction did not constitute plain error.
 {¶ 23} The trial court in instructing the jury on escape stated that the state must prove that Brooks "purposefully failed to return to detention while serving in intermittent confinement for a felony of the fourth degree following temporary leave consistent with the conditions of parole."[6] We agree the trial court should have instructed the jury pursuant to R.C. 2921.34 that it was required to determine whether the break from detention occurred "either following temporary leave grantedfor a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."[7] We do not find, however, this constitutes plain error because the correct instruction would not have altered the outcome. As we found in the first assigned error, sufficient evidence was presented that Brooks purposely failed to return to detention during a time of intermittent confinement.
 {¶ 24} Accordingly, Brooks' second assigned error is overruled.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and JAMES J. SWEENEY, J., concur.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380.
[2] Id.; State v. Fryer (1993), 90 Ohio App.3d 37.
[3] Id. at 43.
[4] State v. Miley (1996), 114 Ohio App.3d 738, 742, appeal not allowed (1997), 77 Ohio St.3d 1548; State v. Fisher (2002), 148 Ohio App.3d 126,129-130.
[5] State v. Twyford (2001), 94 Ohio St.3d 340, 350.
[6] Transcript at 180.
[7] R.C. 2921.34(A)(1) (emphasis added).